**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| YEFIM BURSHTEYN, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-00830-SRC |
| ) | |
| COMMUNITY HOUSING ) | |
| ASSOCIATION, INC., et al., ) | |
| ) | |
| Defendant(s). | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on [39] Defendants' Motion to Dismiss Plaintiff Faina German and [43] Plaintiffs' Motion to Strike. As set forth below, the Court grants the Motion to Dismiss and denies Plaintiffs' Motion to Strike.

**I.     MOTION TO DISMISS**

Defendants move to dismiss Plaintiff Faina German's remaining claims under Federal Rule of Civil Procedure 12(b)(6). Essentially, Defendants argue that German has no remaining interest in this case after the Court's ruling [36] on Defendants' Partial Motion to Dismiss [21]. The Court agrees.

Plaintiffs' Complaint originally asserted twelve separate counts but, in ruling on Defendants' Partial Motion to Dismiss, the Court dismissed six counts entirely. *See* Doc. 36 at 25 (dismissing Counts II, III, VII, VIII, X, and XI). Of the remaining claims, Plaintiff Yefim Burshteyn alone asserts four of them. The Complaint explicitly labels Counts I, IV, V and VI "Burshteyn Against Defendants" (e.g., "Count VI. Plaintiff Burshteyn Against Defendants – Breach of Covenant of Inhabitability." Doc. 1 at p. 27). Accordingly, the Court rejects any attempt by Plaintiffs to retroactively argue that German also brought these claims. Thus,

1

German asserts only two claims that the Court has not already explicitly dismissed: Count IX (*respondeat superior*) and Count XII (punitive damages).

Regarding Count IX, the Court has occasion to clarify its earlier ruling partially dismissing Plaintiffs' claim for vicarious liability. While granting Defendants' motion to dismiss Plaintiffs' claims for negligent hiring and negligent supervision, the Court stated (in a footnote): "the Court finds that Plaintiffs have adequately pleaded *respondeat superior* as an alternative theory of vicarious liability in Count IX." Doc. 36 at 18 n.1.  The Court did not intend to suggest that both Burshteyn and German each separately stated a claim for *respondeat superior*.  German clearly did not.

Under the doctrine of *respondeat superior*, an employer is liable for damages from the misconduct of its employees acting within the course and scope of employment.  *Stanley v City of Indep.*, 995 S.W.2d 485, 487 (Mo. 1999).  Thus, to state a claim for *respondeat superior*, German must allege that she was damaged due to the negligence of one or more of Defendants' employees.  *Id.*; *see also Helm v. Wismar*, 820 S.W.2d 495, 497 (Mo. 1991) ("the employer's liability is imputed as a matter of law from the negligent acts of the employee").  German has failed to plead that she herself (as opposed to Burshteyn) was damaged by any negligent act by Defendants' employees.  Only Burshteyn, not German, asserts a negligence claim (Count V).  Further, German has failed to separately allege any duty owed to *her* that any of Defendants' employees breached.  *See Stanley*, 995 S.W.2d at 487 (Mo. 1999) (reciting elements of negligence claim).  Accordingly, the Court dismisses German's *respondeat superior* claim (Count IX).

The only remaining count asserted by German is her claim for punitive damages (Count XII).  "A punitive damage claim is not a separate cause of action, it must be brought in

conjunction with a claim for actual damages." *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 866 (Mo. Ct. App. 2000). German has no remaining claims for actual damages, so the Court must dismiss her punitive damages claim (Count XII).

The Court grants Defendants' Motion to Dismiss Plaintiff Faina German and her claims for *respondeat superior* and punitive damages under Rule 12(b)(6). Accordingly, the Court need not reach Defendants' motion to dismiss German for lack of standing.

## II.     MOTION TO STRIKE

Plaintiff Burshteyn moves under Federal Rule of Civil Procedure 12(f) to strike three of Defendants' affirmative defenses and partially strike a fourth. Doc. 43. Plaintiff's Motion originally moved to also strike "as a nullity" the entirety of [40] Defendants' memorandum, based on the mistaken belief that Defendants had not filed a corresponding motion. Plaintiffs' counsel subsequently acknowledged her error (Doc. 45 at ¶ 3), and the Court deems that portion of Plaintiff's motion to strike as withdrawn. Rule 12(f) provides in relevant part: "Upon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The district court has "liberal discretion" in ruling on a motion to strike under Rule 12(f). *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). However, such motions "are viewed with disfavor and are infrequently granted." *Id.* (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

Burshteyn moves to strike entirely Defendants' affirmative defenses Nos. 12, 13, and 14. Affirmative defense No. 12 asserts that "Plaintiff Burshteyn has waived the implied warranty of habitability by contractual provision." Doc. 41 at 59. The Court finds that Defendants'

affirmative defense No. 12 states a valid affirmative defense to Burshteyn's claim for breach of the implied warranty of habitability.

Affirmative defenses Nos. 13 and 14 assert, respectively, that Burshteyn's punitive damages claim is barred by the United States or Missouri Constitutions (Doc. 41 at 59-61) and unmerited on the facts because Defendants did not act with "malice, ill will" or other culpable mental state. Doc. 41 at 61. Burshteyn argues that affirmative defenses Nos. 13 and 14 are barred by *res judicata* or collateral estoppel because the Court previously denied Defendants' motion to dismiss Burstheyn's punitive damages count for failure to state a claim. Burshteyn misconstrues the scope of the Court's prior ruling. In partially denying Defendants' motion to dismiss, the Court found only that Burshteyn's allegations were sufficient to state a punitive damages claim as a matter of law. That ruling does not imply that punitive damages are merited or constitutional on the particular facts of this case; by the same token, the Court's present ruling means that Defendants may challenge punitive damages on the law and facts.

Finally, Burshteyn moves to strike from Defendants' affirmative defense No. 9 any reference to a federal statute, 42 U.S.C. § 3605(f)(9). This statute provides:

> Nothing in [the Fair Housing Act] requires that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial physical damage to the property of others.

42 U.S.C. § 3605(f)(9). Burshteyn argues that Defendants are barred by *res judicata* or collateral estoppel from asserting the statute as an affirmative defense because they "previously dismissed a suit against the Burshteyns." Doc. 43 at 3. This argument lacks merit. A dismissal without prejudice is not a ruling on the merits, and generally has no preclusive effect. *See Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999). Burshteyn makes no showing that any issue

4

...

...

before this Court was actually decided in prior litigation.  Thus, neither *res judicata* nor collateral estoppel applies.  *Id.*  The Court denies Burshteyn's Motion to Strike.

### III.     REQUEST FOR LEAVE TO AMEND COMPLAINT

Finally, the Court addresses Plaintiffs' request for leave to amend the complaint "to re-plead the facts that establish the legal duties and liability necessary for claims of German under FHA and … such claims of German as are supported by the facts."  Doc. 52 at 13.  Because Burshteyn's request is appended to his opposition to Defendants' Motion to Dismiss, rather than raised by separate motion, the Court denies the request as procedurally improper, without prejudice.  The Court will consider a request for leave to amend the complaint if properly raised by separate motion.

Accordingly,

**IT IS HEREBY ORDERED** that [39] Defendants' Motion to Dismiss Plaintiff German is GRANTED.  German's remaining claims for *respondeat superior* (Count IX) and punitive damages (Count XII) are dismissed without prejudice.

**IT IS FURTHER ORDERED** that [43] Plaintiff's Motion to Strike is DENIED.

**IT IS FINALLY ORDERED** that Plaintiff's request for leave to amend the complaint is DENIED without prejudice.

So Ordered this 14th day of May, 2020.

                                                                          SL R. CR

                                                                          **STEPHEN R. CLARK**
                                                                          **UNITED STATES DISTRICT JUDGE**